ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 FEB 20 AM 11: 18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| BENNIE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-077 |
| ) | |
| MARK BELL, Officer, individually and in ) | |
| his official capacity, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned *pro se* case pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* ("IFP"). On December 20, 2007, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Because of pleading deficiencies in Plaintiff's complaint, the Court ordered him to amend his complaint. (Doc. no. 6). Plaintiff was given fifteen (15) days to comply, and he was warned that, if he wanted to proceed with his case, he must file an amended complaint. (See id.). Plaintiff failed to respond to the Court's December 20, 2007 Order.

On January 15, 2008, the Court afforded Plaintiff ten (10) additional days to amend his complaint in accordance with the Court's December 20, 2007 Order. (Doc. no. 8). Plaintiff was warned that, if he failed to comply with the Court's December 20, 2007 Order after this ten-day extension, the Court would recommend dismissal of his case for want of prosecution. (Id. at 1-2). Plaintiff has not responded to the Court's Orders.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").[1] Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3